UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| GENEVA HAWTHORNE |  | CIVIL ACTION |
| --- | --- | --- |
| VERSUS |  | NUMBER:   18-3721 |
| DR. FEDERICO TRAN |  | SECTION:   "E" (3) |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Geneva Hawthorne filed the above-captioned matter in this Court in which she sues Dr. Federico Tran for allegedly having caused the death of her daughter by withholding vital medication that her daughter needed.  On April 11, 2018, this Court ordered Hawthorne to show cause by Wednesday, May 9, 2018 as to why this case should not be summarily dismissed for lack of subject-matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B)(i-iii).  [Doc. #3].  Hawthorne has now done so.   [Doc. #5].

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous.   Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,
> the court **shall dismiss** the case at any time if the court determines that –
> \*   \*   \*
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added).   In plain language, Section 1915 requires dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted.[1]

---

[1]  *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. §1915(a).  However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute.  On its face, plaintiff's complaint fails to meet the requirements of the statute.  There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[2]

Federal courts are courts of limited jurisdiction.  "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[3]

The response filed by Hawthorne merely reiterates her allegations that Tran allegedly caused the death of her daughter by telling her to stop Warfarin and Metopolol. [Doc. #4]. On the face of the complaint and in Hawthorne's response to the show-cause order, there is no federal-question jurisdiction under 28 U.S.C. § 1331, and Hawthorne has not alleged such jurisdiction.

She has, however, checked the box in her complaint next to "Diversity of citizenship." In order for a federal court to exercise diversity jurisdiction under 28 U.S.C. § 1332, diversity must be complete; the citizenship of all of the plaintiffs must be different from the citizenship of all of

---

[2] *See Startii v. United States,* 415 F.2d 1115, 1116 (5th Cir.1969); *see also Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

[3] *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

the defendants. *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am.*, 841 F.2d 1254, 1258-59 (5th Cir. 1988); *Aetna Cas. & Surety Co. v. Hillman*, 796 F.2d 770, 773 (5th Cir. 1986). "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil*, 841 F.2d at 1259; *see McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) ("The burden is on a plaintiff to allege and invoke jurisdiction."). "When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'" *McGovern*, 511 F.2d at 654 (quoting 2A Moore's Federal Practice ¶ 8.10, at 1662); *see also Powell v. Abney*, 83 F.R.D. 482, 487 (S.D. Tex. 1979) ("In invoking diversity jurisdiction, the plaintiff's complaint must specifically allege each party's citizenship and these allegations must show that the plaintiff and defendant are citizens of different states."). Failure to adequately allege the basis for diversity jurisdiction mandates dismissal. *Patterson v. Patterson*, 808 F.2d 357, 357 (5th Cir.1986); *McGovern*, 511 F.2d at 654.

Hawthorne states that she is a citizen of Louisiana. However, in her complaint, she alleges no information as to the citizenship of Tran and has failed to complete the form. In her response to the show-cause order, she fails to allege the citizenship of Tran. Indeed, she does not even mention citizenship. The Court notes that while she does not inform it of Tran's address, she alleges in her complaint that Tran resides in New Orleans, Louisiana. Because that is the case, the parties are not diverse, and no subject-matter jurisdiction exists in this Court. Accordingly,

**IT IS RECOMMENDED** that plaintiff's complaint be dismissed without prejudice for lack of subject-matter jurisdiction.

**NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to de novo review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.   *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 1st day of May, 2018.

*[signature: Daniel E. Knowles, III]*
**UNITED STATES MAGISTRATE JUDGE**